IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02155-BNB

MINH PHAM,

    Plaintiff,

v.

CITY OF DENVER,
[GOVERNOR] JOHN W. HICKENLOOPER, former Mayor of Denver,
OFFICER MICHEAL AHRENS, and
OFFICER MAHR,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND MAGISTRATE JUDGE

---

    Plaintiff, Minh Pham, initiated the instant action by filing *pro se* a Complaint (ECF No. 2) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  Mr. Pham has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

    Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    On August 20, 2012, the Court ordered Mr. Pham to file within thirty days an Amended Complaint that asserted a statutory basis for this Court's jurisdiction, sued the

proper parties, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and asserted the personal participation of each named defendant. On September 19, 2012, Mr. Pham filed an Amended Complaint (ECF No. 6) for money damages pursuant to 42 U.S.C. § 1983, among other statutory authority. On October 1, 2012, in response to a minute order of September 20, 2012, Mr. Pham filed a document providing addresses for Defendants and clarifying that in the caption to the Amended Complaint "[t]he city of Denver was actually the executive officer of Denver, John W. Hickenlooper[,] . . . the former mayor of Denver." ECF No. 8 at 1. The caption of this order has been corrected to include Governor John W. Hickenlooper, former mayor of Denver.

The Court must construe the Amended Complaint liberally because Mr. Pham is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the Amended Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Pham asserts three claims of Fourth and Eighth amendment violations. Claims one and three combine to allege that during the course of an unlawful seizure and detention on August 18, 2010, Officers Mahr and Ahrens caused pain and injuries to Mr. Pham's shoulder, ligaments, tendons, and skin by applying handcuffs that were

too tight and requiring him to sit in a police car for at least ninety minutes to punish him for a dirty house and minimal child care and because he refused to answer their questions. Claim two alleges that the officers conducted an unlawful search of his home storage sheds without a warrant or probable cause.

A local government entity such as the City and County of Denver is not liable under § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). A plaintiff seeking to hold a municipality or county liable for his injuries under § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Mr. Pham fails to asserts any link between a City of Denver policy and his alleged injuries. Therefore, the City of Denver will be dismissed as a party to this lawsuit.

In addition, Mr. Pham fails to allege any personal participation by former Denver Mayor John W. Hickenlooper in the asserted constitutional violations. In the August 20 order for an amended complaint, Magistrate Judge Craig B. Shaffer explained that, in order for Mr. Pham to establish personal participation, he must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure

to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as former Denver Mayor Hickenlooper, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010). Because Mr. Pham fails to allege any personal participation by Mr. Hickenlooper in the alleged constitutional violations, Mr. Hickenlooper will be dismissed as a party to this lawsuit.

Accordingly, it is

ORDERED that the clerk of the Court correct the docketing records for this action by adding John W. Hickenlooper as a Defendant. It is

FURTHER ORDERED that the claims against Defendants City of Denver and John W. Hickenlooper are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the clerk of the Court is directed to correct this Court's docketing records and remove the City of Denver and John W. Hickenlooper as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and a magistrate judge. It is

FURTHER ORDERED that the motion filed on October 1, 2012, titled "Motion to Add More Evidences [sic] and Documents to the Complaint" (ECF No. 9) is denied as premature.

DATED at Denver, Colorado, this  8th  day of    November   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court