IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02155-RBJ-KLM

MINH PHAM,

    Plaintiff,

v.

MICHAEL AHRENS, Officer, in his official and individual capacity, and
GLENN MAHR, Officer, his official and individual capacity

    Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Motion to Strike Plaintiff's Tendered Second Amended Complaint [Doc. 38]** [Docket No. 39; Filed June 12, 2013] (the "Motion"). No response has been filed.[1] In the Motion Defendants argue that the tendered second amended complaint submitted by Plaintiff [#38] (the "Tendered Complaint") should be stricken because Plaintiff did not seek leave of the court to file the Tendered Complaint. *Motion* [#39] at 1.

    "Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its complaint once as a matter of course within 21 days after serving its original pleading, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. *See* Fed.R.Civ.P. 15(a)(2)." *Stransky v. HealthONE of Denver, Inc.*, No. 11-cv-02888-WJM-MJW, 2012 WL 6548108, at *3 (D. Colo. Dec. 14, 2012). In addition, "An amendment changing parties requires leave of the court . . . ." *Sparks v. Foster*, 2006 WL 446081 at *1 (D. Colo. Feb. 21, 2006) *aff'd*, 241 F. App'x 467 (10th Cir. 2007) (quoting 7 Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 3d* § 1688 (2001)).

    Here, Plaintiff filed his Amended Complaint on September 19, 2012 [#6] and on March 29, 2013 filed a Motion for Joinder of Parties and Amendment of Pleadings [#35]

---

    [1] The Court may rule on a pending motion at any time. D.C.COLO.LCivR 7.1C.

1

which was denied for failure to comply with the federal and local rules [#37]. In that Order, the Court explained to Plaintiff that if he wishes to file a Second Amended Complaint, "he must file a motion which complies with the federal and local rules, namely Fed. R. Civ. P. 15, and which includes the proposed Second Amended Complaint as a document separate from the motion." *Order* [#37] at 1. Plaintiff did not file a motion seeking leave of the Court to file the Tendered Complaint. Instead, Plaintiff merely states within the Tendered Complaint that he "needs to add more claims, defendants and many details after depositions." *Tendered Compl.* [#38] at 1.

IT IS HEREBY **ORDERED** that the Tendered Complaint [#38] is **STRICKEN**. If Plaintiff, who proceeds in this matter *pro se*, wishes to amend his Amended Complaint [#6], he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15(a) and 20(a), and which includes the proposed Second Amended Complaint as a document separate from the motion. The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and defendants he intends to name in the proposed Second Amended Complaint.

Dated:  June 17, 2013