IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-02155-RBJ-KLM

MINH PHAM,

Plaintiff,

v.

MICHAEL AHRENS, Officer, in his official and individual capacity, and
Glenn MAHR, Officer, in his official and individual capacity,

Defendants.

---

ORDER

---

This matter is before the Court on (1) defendants' motion for summary judgment [docket entry #43]; (2) defendants' motion to exclude plaintiff's experts [#52]; (3) plaintiff's motion to exclude defendants' shoulder and police experts [#63]; (4) a magistrate judge's recommendation that defendants' motion for summary judgment should be granted [#65]; and (5) plaintiff's motion to for leave to amend his complaint [#73]. Because the Court concludes that the magistrate judge's recommendation is appropriate, and therefore that this case should be dismissed, the other pending matters are either denied or deemed to be moot.

**Factual and Procedural Background**

Mr. Pham, representing himself *pro se*, filed his original complaint in this case [#2] on August 15, 2012, naming Officers Ahrens and Mahr as well as the City of Denver, Mayor Michael Hancock, the Denver Police Department and the Chief of Police as defendants. The primary focus of his complaint was that Officers Ahrens and Mahr used excessive force in violation of the Fourth Amendment when they handcuffed him during a welfare check at his

home on August 18, 2010. He alleged that he sustained an injury to his wrists and re-aggravation of a previous shoulder injury. He also asserted that the defendants conducted an illegal search of his residence, also in violation of the Fourth Amendment.

Shortly thereafter, and before the defendants were served, he filed an amended complaint [#6]. In this document he spelled out the alleged facts in more detail and rearranged his claims somewhat, also clarifying that he was asserting violations of both the Fourth and the Eighth Amendments. However, the overall nature of the case remained about the same.

On November 8, 2012 Judge Babcock dismissed the claims against the City of Denver and the Mayor (actually John W. Hickenlooper at the time of the incident). [#10]. The case was reassigned to this Court and to United States Magistrate Judge Kristin L. Mix at that time. The case was later set for a trial preparation conference on November 20, 2013 and a three-day jury trial to begin on December 16, 2013.

On March 29, 2013 Mr. Pham moved for leave to join the City and County of Denver and Officer Lesley Tucker as additional defendants [#35]. This motion was denied by the magistrate judge, without prejudice, on procedural grounds, namely, that Mr. Pham would have to file motion for leave to file a second amended complaint in compliance with Fed. R. Civ. P. 15 and include all his claims rather than add to the previously filed amended complaint piecemeal. Mr. Pham then filed a "Second Amended Complaint" without filing a motion for leave to amend under Rule 15(a) [#38]. That pleading was subsequently stricken. [#41] for failure to comply with Rules 15(a) and 20 [#41]. No further attempt to file another amended complaint was made at that time.

Defendants filed their pending motion for summary judgment on August 29, 2013. The Court referred the motion to Magistrate Judge Mix [#46]. Mr. Pham responded on September 12, 2013 in a pleading entitled "Plaintiff's Motion to Strike Defendants' Motion for Summary

Judgment" [#47]. Defendants filed their reply on October 7, 2013 [#60]. Magistrate Judge Mix issued her recommendation in a 23-page order issued October 18, 2013. Neither party filed an objection to the recommendation.[1] Accordingly, the motion for summary judgment and the magistrate judge's recommendation concerning that motion are now ripe for review by this Court.

**Standard of Review**

As indicated above, and despite the magistrate judge' advisement, no objection to the Recommendation was filed by either party. "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

**Conclusions**

The Court has reviewed the relevant pleadings. The Court has also carefully read and considered the Recommendation, including the magistrate judge's findings with respect to undisputed material facts and her conclusions of law. In doing so the Court, like the magistrate judge, construed Mr. Pham's filings liberally in view of his *pro se* status. *See Hines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[1] In his motion for leave to amend, filed on November 6, 2013 [#73], Mr. Pham refers to a final pretrial conference that was held by Judge Mix on November 4, 2013 and states, "By the way, I indicated my objection to the RECOMMENDATION on the same date." *Id.* at 4. He provides no indication of the substance of the objection that he allegedly made orally at that conference. This does not constitute an objection as described in Fed. R. Civ. P. 72(b)(2), which must be made in writing within 14 days after he was served with a copy of the Recommendation. It provides nothing for this Court to consider in evaluating the Recommendation. I realize, of course, that Mr. Pham as a *pro se* litigant may not be familiar with the civil rules. However, Judge Mix expressly advised Mr. Pham in her Recommendation [#65] of Rule 72; and his opportunity to file a written objection within 14 days after service; and that his failure to file a written object would be a waiver of de novo review by this Court. *Id.* at 23.

The Court has also read and considered Mr. Pham's motion for leave to file another amended complaint [#73] and his "Proposed Amended Complaint" [#73-2]. These documents were filed after the magistrate judge's recommendation had been issued and the time for objections to it had expired. In the proposed new version of his complaint, Mr. Pham reiterates his complaints arising from the incident on August 18, 2010. He again names Officers Mahr and Ahrens as defendants. He proposes to add Officer Leslie Tucker and the City and County of Denver as defendants – the same additions that he attempted improperly and therefore unsuccessfully to add on March 29, 2013 [#35]. The substance of the proposed amended complaint is similar to previous versions, clarified somewhat as to detail, and adding specific damages amounts.

The motion to amend comes too late. A motion for summary judgment was already filed, briefed, and considered by the magistrate judge. No objection was filed to the magistrate judge's recommendation that summary judgment dismissing the case should be granted. The substance of the proposed amended complaint gives me no reason to question the magistrate judge's recommendation, as it does nothing to refute the substance of her findings and analysis. In any event, Mr. Pham had ample opportunity to amend his complaint properly to include Officer Tucker and to attempt to reassert claims against the City and County of Denver. He was informed as to what he needed to do when his previous attempts to file amendments failed, but he did not further amend his complaint. He cannot wait until the whole process of summary judgment briefing and magistrate judge review has occurred, and the opportunity to object has expired, and then expect the Court to accept another version of his complaint, moot all that had gone before, and start the process of a motion for summary judgment, briefing, review and recommendation over again.

Based on its review of the pleadings and the magistrate judge's Recommendation, the

Court concludes that the magistrate judge's findings, analyses and recommendations are correct, and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note.

**Order**

1. The Recommendation of the United States Magistrate Judge [#65] is AFFIRMED and ADOPTED.

2. Defendants' Motion for Summary Judgment [#43] is GRANTED.

3. Motion #52 is denied as MOOT.

4. Motion #63 is denied as MOOT.

5. Motion #73 is DENIED.

6. This civil action and all claims within are dismissed with prejudice.

7. As the prevailing parties, defendants are awarded their reasonable costs pursuant to Fed R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 12th day of November, 2013.

BY THE COURT:

R. Brooke Jackson
United States District Judge